STATE ex rel. METAL SERVICE CENTER OF GEORGIA, INC., Relator,

v.

Hon. Gary M. GAERTNER, Circuit Judge, St. Louis City, Respondent,

Roton Products, Inc., Intervenor-Respondent.

No. 65664.

Supreme Court of Missouri, En Banc.

Oct. 9, 1984.

**326**

Lawrence J. Altman, Robert A. Hutton, Jr., Clayton, for relator.

Myron S. Zwibelman, Terry Crouppen, St. Louis, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

BLACKMAR, Judge.

The defendant and relator, Metal Service Center of Georgia, Inc. is a Georgia corporation engaged in supplying finished metal products to commercial customers. It is not qualified to do business as a foreign corporation in Missouri and has no regular and continuing contacts with the state of Missouri.

The plaintiff, Roton Products, Inc., is a Missouri corporation apparently based in Kirkwood and engaged in the business of preparing and finishing raw metal stock.

In January of 1982 Metal Service telephoned Roton to inquire into the possibility of Roton's doing some work on its products. Roton mailed a quotation to Metal Service in Georgia, calling for acceptance within 60 days. Shipment was to be "FOB Kirkwood," so that Metal Services was required to bear the cost of shipping materials to Kirkwood and of any shipment of the product after Roton had done the required work. Metal Service accepted Roton's offer by a "purchase order" conforming to the quotation. Both parties assume that the ensuing contract was made in Georgia.

Metal Service then shipped the required unfinished materials to Roton in Kirkwood and, after work had been done, the product was shipped back to Metal Service at its own expense. The parties have not been entirely candid with the Court as to whether the ingoing or outgoing shipments were in trucks owned by Metal Service and operated by its employees, or by common carrier,[1] but we deem the method of shipment immaterial. A common carrier, if hired at Metal Service's expense, was the agent of Metal Service just as an employee would have been. *Brown v. Park Transportation Co.*, 382 S.W.2d 467 (Mo.App.1964). It is appropriate to say, then, that Metal Products is responsible both for the ingoing and the outgoing shipments.

After some material had been shipped and worked on a dispute arose. Metal Service refused to pay for work which, in its opinion, did not comply with specifications. Roton then filed suit for the contract price in the Circuit Court of the City of St. Louis, obtaining service under the "longarm" statute, § 506.500ff, RSMo 1978.

---

1. The relator's brief stated that shipments into and out of Missouri were by common carrier, while counsel admitted at oral argument that at least one incoming and one outgoing shipment had been by a truck owned by Metal Services and operated by its employees. The respon- dent's brief states in several places that Metal Services "sent its truck", while conceding that common carriers were used most of the time. Counsel should be scrupulous in providing exact and accurate information to the Court.

■ Metal Service filed an answer raising, among other defenses, a claim of want of jurisdiction over the person. We treat its assertion of this claim and of underlying constitutional questions as sufficient. The defense of want of jurisdiction over the person may be raised by answer or by motion at the option of the pleader. Missouri Supreme Court Rule 55.27. It is not necessary to use the label of "special appearance" for either a motion or an answer. *State ex rel. White v. Marsh,* 646 S.W.2d 357 (Mo. banc 1983). After answer had been filed, Metal Services filed a motion to dismiss for want of jurisdiction over the person. The issue could appropriately be determined prior to trial by this means.

The circuit court overruled the motion to dismiss. After Metal Service unsuccessfully sought prohibition in the Missouri Court of Appeals, Eastern District, the application was renewed here and we issued our provisional rule. We now conclude that the circuit court properly exercised jurisdiction over Metal Service, and so the provisional rule is quashed.

The "longarm statute" reads in pertinent part as follows:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

\*  \*  \*  \*  \*  \*

■ The legislature, in enacting this statute, sought to extend the jurisdiction of Missouri courts to numerous classes of out-of-state defendants who could not have been sued in Missouri under the preexisting law. It also intended to provide for

jurisdiction, within the specific categories enumerated in the statutes, to the full extent permitted by the due process clause of the Fourteenth Amendment. *State ex rel. Deere & Co. v. Pinnell,* 454 S.W.2d 889 (Mo. banc 1970). A particular purpose was to confer jurisdiction over nonresidents who enter into various kinds of transactions with residents of Missouri. The present contract, as has been observed, called for performance wholly within Missouri on materials shipped into the state by one party. Roton would suffer a degree of inconvenience if it were required to go to Georgia or some other state in order to assert its claim against Metal Service, which, by contrast, voluntarily caused Roton to do some of its work in Missouri.

Roton, however, must overcome two obstacles. It must show that the transaction between the parties fits into one of the subsections of the statute. If successful up to this point it then must show that the assumption of longarm jurisdiction accords with the due process requirements of the Fourteenth Amendment.

■ The contract portion, subsection (2), does not help Roton because the contract was made in Georgia. We believe, however, that Metal Service engaged in the transaction of business in Missouri so as to bring Roton's claim within the provisions of subsection (1). A business transaction necessarily has more than one party. It might be argued that the business transacted in Missouri was Roton's and not Metal Service's, because the transaction is one from which Roton derived revenue whereas Metal Service derived its income from sales of the finished product to its customers. But "transaction of any business" must be construed broadly. A corporation may be subject to longarm jurisdiction even though it would not be required to qualify to do business as a foreign corporation. *State ex rel. Newport v. Wiesman,* 627 S.W.2d 874 (Mo. banc 1982). The business may consist of a single transaction, if that is the transaction sued upon.[2] We conclude that Metal

2. Minimum contacts necessary to support juris-     diction are met by a single act done or a single

**328**

Service transacted business in Missouri by shipping materials into this state for work by Roton, and retaking them after the work had been done.

Our attention has been called to an opinion construing Missouri's longarm statute by the respected Judge Theodore McMillian, who served for many years on courts of Missouri before accepting appointment by another sovereignty, in *Scullin Steel Company v. National Railway Utilization Corporation,* 676 F.2d 309 (8th Cir.1982). Metal Services commends this case as essentially identical to the one now before us. There is, however, a substantial distinction. Here Metal Services supplied the raw materials and shipped them into Missouri for working by Roton. There, so far as the opinion shows, Scullin obtained its raw materials from other sources, produced the "car sets" as required by the contract, and then shipped them to its customer in another state at the customer's expense.[3] It would be inappropriate for us to express agreement or disagreement with the *Scullin* opinion, for this case contains an additional and significant factor.

Assumption of jurisdiction by Missouri is entirely consistent with federal constitutional requirements. The Supreme Court of the United States last spoke in *World-Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), holding that a retail dealer in New York who sold an automobile to a New York resident, and its wholesaler who operated only in three eastern states, could not be subjected to in personam jurisdiction in a products liability action in Oklahoma simply because the purchaser later drove through Oklahoma during the course of a transcontinental move. The Court noted "... a total absence of those affiliating circumstances that are a necessary predicate to the exercise of state court jurisdiction," (l.c. 295, 100 S.Ct. at 566) and held that the possibility that a particular car might at some time be driven into Oklahoma was not a sufficient foundation for jurisdiction over the local retailer or wholesaler. The opinion clearly indicates that a different result would obtain in the case of a manufacturer or a national distributor, observing at page 297, 100 S.Ct. at page 567 that longarm jurisdiction is appropriate if it appears "that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being hailed into court there."

The words just quoted fit the case before us. Metal Services shipped its materials into Missouri in order to have work done on them here.[4] If it did not pay for the work it could expect to be sued. It may of course be able to establish a defense, but our courts are open for this purpose. The interests of Roton in being allowed to sue in Missouri are apparent, and Metal Service had the required contact.

The bare making of a contract is a constitutionally sufficient incident. *See Slivka v. Hackley,* 418 S.W.2d 89 (Mo.1967), a most remarkable case. The place for total performance is, if anything, more significant than the place of contracting.

The provisional rule in prohibition is quashed.

All concur.

transaction consummated within the forum state, on a claim relating to that act or transaction. *State ex rel. Caine v. Richardson,* 600 S.W.2d 82 (Mo.App.1980), citing *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

**3.** We do not consider the return of certain parts by the consignee, *see* 676 F.2d l.c. 310, to be the equivalent of shipment of material into Missouri for working.

**4.** *Scullin Steel* observes that the contract there considered did not necessarily require fabrication in Missouri. We are persuaded that the contract before us contemplated Roton's performance in Missouri.