670 F.Supp. 869 (1987)
NEW DAWN NATURAL FOODS, INC., Plaintiff,
v.
NATURAL NECTAR CORPORATION, et al., Defendants.
No. 86-2145C(6).
United States District Court, E.D. Missouri, E.D.
October 9, 1987.
*870 Michael Hardcastle, St. Louis, Mo., for plaintiff.
Melvin R. Neisner, Jr., LaTourette, Weyerich, Schlueter & Burne, Robert O. Appleton, Jr., Appleton, Newman & Gerson, St. Louis, Mo., for defendants.

ORDER AND MEMORANDUM
GUNN, District Judge.
IT IS HEREBY ORDERED that defendant Natural Nectar Corporation's motions to dismiss for lack of personal jurisdiction, for improper venue and failure to state a claim are denied.
IT IS FURTHER ORDERED that defendant's motion for transfer pursuant to 28 U.S.C. § 1404(a) is denied.
Plaintiff's first amended complaint for breach of contract alleges the following facts:
Plaintiff New Dawn Natural Foods, Inc. (New Dawn), a Missouri corporation, ordered 12,960 "Cream Freeze" frozen dessert bars from defendant Natural Nectar Corp. (Natural Nectar), a Colorado corporation, for delivery by July 2, 1986. Plaintiff required delivery by July 2nd because the dessert bars were to be sold at plaintiff's booth at the VP Fair July Fourth celebration in St. Louis, Missouri on July 4th, 5th and 6th. Natural Nectar contracted with defendant FFE Transportation Services, Inc. (FFE), a Texas corporation, to deliver the Cream Feezes to plaintiff by July 2, 1986. Natural Nectar's invoice and bill of lading gave plaintiff's delivery address as "3175 S. Grand Blvd., St. Louis MI 63118" erroneously abbreviating Missouri as MI instead of MO, and FFE sent the Cream Freezes to St. Louis, Michigan. On the afternoon of July 3, 1986 FFE's driver arrived at FFE's office in Chicago, Illinois with the entire shipment of Cream Freezes after attempting to deliver the shipment to St. Louis, Michigan. FFE's driver did not reach St. Louis, Missouri until the afternoon of the 4th at which time plaintiff could not take delivery. FFE's driver left St. Louis, Missouri without delivering the Cream Freezes.
Plaintiff seeks $100,000 consequential and incidental damages from Natural Nectar for breach of its contract with plaintiff and against FFE for breach of its contract with Natural Nectar and for failure "to make delivery of the goods when the shipment finally arrived in St. Louis, Missouri."
*871 Now under consideration are Natural Nectar's motions under Rule 12(b)(2), Fed. R.Civ.P. to dismiss the complaint against it for lack of personal jurisdiction, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, under Rule 12(b)(3) to dismiss the complaint by reason of improper venue or, in the alternative, to transfer the case to the Federal District Court in the Southern District of California pursuant to 28 U.S.C. § 1404(a).

Personal Jurisdiction
In considering a motion to dismiss for lack of personal jurisdiction over a non-resident defendant, a federal diversity court is required to engage in a two-step inquiry: first, whether defendant committed one of the acts enumerated in the forum state's long-arm statute; and second, whether defendant had sufficient contacts with the forum state related to the cause of action such that maintenance of the suit does not offend the due process clause of the fourteenth amendment. The Land-O-Nod Co. v. Bassett Furniture Industries, Inc., 708 F.2d 1338 (8th Cir.1983); Scullin Steel Co. v. National Ry. Utilization Corp., 676 F.2d 309, 312 (8th Cir.1982). Plaintiff has the burden of establishing that jurisdiction exists, and this burden may not be shifted to the party challenging the jurisdiction. Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 (8th Cir.1982). Although the facts are viewed in the light most favorable to the plaintiff, "there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist...." Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir.1977) (citations omitted).
The first part of the inquiry requires an examination of the long-arm statute. Missouri's long-arm statute provides in pertinent part:
1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
(1) The transaction of any business within this state;
(2) The making of any contract within this state.
Mo.Rev.Stat. § 506.500 (Supp.1984).
In State ex rel. Metal Service Center of Georgia, Inc. v. Gaertner, 677 S.W.2d 325 (Mo. banc 1984), the Missouri Supreme Court noted that Missouri's long-arm statute "provide[s] for jurisdiction within the specific categories enumerated in the statute, to the full extent permitted by the due process clause of the Fourteenth Amendment" (citing State ex rel. Deere & Co. v. Pinnell, 454 S.W.2d 889 (Mo. banc 1970)). Missouri courts liberally construe the statutory requirement of "transacting business" within the state for the purpose of long-arm jurisdiction. Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309 (8th Cir.1982). The rationale for this expansive interpretation is that when "a company invades a state for pecuniary gain it should be prepared to defend any suit arising out that invasion." Precision Construction Co. v. Slattery, 765 F.2d 114, 116 (8th Cir.1985). A corporation may be subject to long-arm jurisdiction even though it would not be required to qualify to do business as a foreign corporation. State ex rel. Newport v. Wiesman, 627 S.W.2d 874 (Mo. banc 1982). The business may consist of a single transaction, if that is the transaction sued upon. State ex rel. Metal Serv. Center, 677 S.W.2d at 325.
In the present case, the following factual allegations support this Court's exercise of personal jurisdiction over defendant Natural Nectar:
"... New Dawn directed its agent, Akin Southwest Distributors, Inc., to order 12,960 Cream Freeze frozen dessert bars from defendant Natural Nectar. Upon receiving the order, Natural Nectar agreed to deliver 12,960 Creem Freezes to New Dawn in St. Louis, Missouri by July 2, 1986."
"... Natural Nectar prepared New Dawn's order of Cream Freezes for shipment to St. Louis, Missouri.... defendant Natural Nectar contacted defendant FFE *872 to arrange for the transportation of the Cream Freezes to St. Louis, Missouri. Defendant FFE agreed and contracted with defendant Natural Nectar to deliver the Cream Freezes to New Dawn in St. Louis, Missouri by July 2, 1986."
"... FFE's driver did not reach St. Louis, Missouri until the afternoon of July 4.... FFE's driver left St. Louis, Missouri without delivering the shipment of Cream Freezes."
The Court concludes that the alleged facts indicate that defendant Natural Nectar was "transacting business" in Missouri. Plaintiff's complaint indicates that defendant knew that the contract was to be completed in Missouri, that the defendant arranged to have the goods delivered to Missouri, and that the goods were actually delivered to Missouri. See Precision Const. Co., 765 F.2d at 114 (defendant, by shipping conveyor belts to plaintiff in Missouri transacted business within state for purposes of Missouri long-arm statute), State ex rel. Metal Service Center, 677 S.W.2d 325 (long-arm jurisdiction over foreign corporation existed where foreign corporation shipped unfinished materials to Missouri and, after required work had been done in Missouri, product was shipped back to foreign corporation at its own expense).
The defendant also must have "minimum contacts" with the forum such that the exercise of jurisdiction over it comports with due process and does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). The defendant's contacts with the forum must be purposeful and such that it "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). "In judging minimum contacts a court properly focuses on the relationship among the defendant, the forum and the litigation." Calder v. Jones, 465 U.S. 783, 788, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804 (1984). These principles were most recently reaffirmed by the Supreme Court in Asahi Metal Industry Co. v. Superior Court of California, ___ U.S. ___, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).
To determine if the exercise of personal jurisdiction violates due process, the following five factors are considered: (1) the quantity of contacts with the forum state; (2) the nature and quality of contacts with the forum state; (3) the relationship of the cause of action to the contacts with the forum state; (4) the interest of the state in providing a forum for its residents; and (5) the convenience of the parties. Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977).
The weight to be given to each factor cannot be measured with mathematical precision and the ultimate determination is the result of considerable subjective balancing. However, all five of these factors need not be present to support the exercise of personal jurisdiction. Gardner Engineering Corp. v. Page Engineering Co., 484 F.2d 27 (8th Cir.1973).
Although this defendant had few contacts with Missouri, the plaintiff's cause of action clearly arose out of the defendant's contacts with the forum state. "It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with the forum state." McGee v. International Life Ins. Co., 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957).
The quality of the contacts in the present case also satisfy the due process requirements. Defendant purposely availed itself of the privilege of doing business with a Missouri resident. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). It entered into a transaction having an impact on the commerce of Missouri. By doing so, it invoked the benefit and protection of Missouri's laws and could reasonably have anticipated that its act would have consequences in Missouri. Defendant allegedly made arrangements for the shipment and believed that the goods were being shipped directly to a Missouri resident. This Circuit has in the past recognized that jurisdiction is more easily established *873 over a nonresident seller shipping goods into the forum state than over a nonresident buyer. "[A] nonresident seller subjects itself to the obligation of amenability to suit in return for the right to compete for sales." Electro-Craft Corp. v. Maxwell Electronics Corp., 417 F.2d 365, 368 (8th Cir.1969). See Gardner Engineering Corp. v. Page Engineering Co., 484 F.2d 27 (8th Cir.1973) (promise of performance of contract obligation within the forum state provided a substantial connection with that state for due process purposes).
Finally, Missouri has an obvious interest in providing a forum for its residents to litigate claims such as this one.
The Court concludes on this basis that sufficient minimum contacts are present in this case to satisfy the requirements of the due process clause of the fourteenth amendment. Accordingly, defendant Natural Nectar's motion to dismiss for lack of personal jurisdiction is denied.

Failure to State a Claim
Defendant Natural Nectar contends that the plaintiff has failed to state a claim upon which relief can be granted because plaintiff's complaint fails to allege a contractual relationship between New Dawn and Natural Nectar. Natural Nectar seeks dismissal on these grounds pursuant to Rule 12(b)(6).
The Supreme Court has applied a stringent standard in reviewing a Rule 12(b)(6) dismissal. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). "Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982).
Pleadings should be construed to do substantial justice. Fed.R.Civ.P. 8(f). Specificity sufficient to supply fair notice of the nature of the action will withstand a motion under Rule 12(b)(6). Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir.1974).
Plaintiff has alleged that it placed its order and that Natural Nectar accepted the offer and began performance by preparing the order for shipment. Plaintiff has also alleged that defendant failed to perform its agreement. Plaintiff's complaint contains all of the necessary allegations to support a breach of contract action. Therefore, defendant's motion to dismiss for failure to state a claim is denied.

Improper Venue
Natural Nectar also contends that the complaint should be dismissed by reason of improper venue.
Venue in this case is based on 28 U.S.C. § 1391(a) which provides:
"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."
All plaintiffs in this case reside in the Eastern District of Missouri, and therefore venue is proper in this judicial district. Defendant Natural Nectar's motion to dismiss for improper venue is denied.

Transfer
Natural Nectar's final motion is for transfer of venue to the Federal District Court for the Southern District of California, pursuant to 28 U.S.C. § 1404(a). Section 1404(a) sets forth three factors to be considered in ruling on a motion to transfer: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1976). Other factors relevant to a ruling on a motion for transfer are: access to sources of proof, the availability of compulsory process for witnesses and the expense attendant to the production of witnesses. See J.F. Pritchard & Co. v. Dow Chemical of Canada, Ltd., 462 F.2d 998, 1000 (8th Cir.1972). The Eighth Circuit has *874 stated that a change of venue, although within the trial court's discretion, should not be freely granted. "Courts are in the business of deciding cases, not playing procedural hockey among the available districts at the whim of dissatisfied parties." In re Nine Mile Limited, 692 F.2d 56, 61 (8th Cir.1982). The decision to transfer a case lies within the discretion of the trial court and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).
The Court concludes that none of the considerations which guide its exercise of discretion warrant granting defendant's motion to transfer. One of the parties and some of the witnesses are here in Missouri. There are no obvious obstacles to a fair trial for defendant in Missouri. Accordingly, defendant's motion to transfer is denied.