ESTES PETERBILT, INC.,
Plaintiff–Appellant,

v.

NIELSEN TRUCK LEASING, INC. and Stanley T. Obuchowski, Chicago–Midwest Credit Service Corp., and Drovers Bank of Chicago, Defendants–Respondents.

No. 17512.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 30, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 19, 1992.

Michael D. Mayes, Schmidt, Kirby & Sullivan, Springfield, for plaintiff-appellant.

James Lee Bowles, Ozark, for Stanley T. Obuchowski and Nielsen Truck Leasing, Inc.

Thomas W. Millington, Schroff, Glass & Newberry, P.C., Springfield, for defendant-respondent Chicago–Midwest Credit Service Corp.

Douglas S. Evans, Evans & Green, Springfield, for defendant-respondent Drovers Bank of Chicago.

PREWITT, Presiding Judge.

Plaintiff sought to recover for repairs made to trucks at the request of Nielsen Truck Leasing, Inc. (Nielsen). Following nonjury trial, the trial court dismissed plaintiff's petition as to defendants Stanley

T. Obuchowski, Chicago–Midwest Credit Service Corp. and Drovers Bank of Chicago.

The court determined that since these defendants did not have sufficient "minimum contacts" with the state the trial court was without jurisdiction. The order of dismissal recited that those defendants "did no business and made no contracts within the State of Missouri during all times relevant to this action" and they "took no action within the State of Missouri related to Plaintiff's cause of action". Judgment was entered in favor of plaintiff against Nielsen. Plaintiff appeals from the dismissal as to the other defendants.

Plaintiff contends the trial court's order dismissing the three defendants was error because plaintiff established "that each defendant did business in Missouri in regard to this transaction and/or took some action to purposely avail itself of Missouri law with regard to this transaction." Plaintiff states that these defendants were properly served in 1985 under Missouri's "long-arm" statute § 506.500, RSMo Supp.1984. That section is set forth marginally.[1] Similar to this statute is Rule 54.06. That rule as it appeared in 1985 is also set forth below.[2] Plaintiff relies on the portion of the statute relating to the transaction of any business within the state.

When a defendant raises the issue of lack of personal jurisdiction, plaintiff has the burden of proving the existence of sufficient minimum contacts to justify jurisdiction. *State ex rel. Ranni Associates v. Hartenbach*, 742 S.W.2d 134, 137 (Mo. banc 1987). Plaintiff must show the suit against a defendant in an action in which jurisdiction over him is based upon this section.

**1. 506.500. Actions in which outstate service is authorized—jurisdiction of Missouri courts applicable, when.—**1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

(4) The ownership, use, or possession of any real estate situated in this state;

(5) The contracting to insure any person, property or risk located within this state at the time of contracting;

(6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

2. Any person, whether or not a citizen or resident of this state, who has lived in lawful marriage within this state, submits himself to the jurisdiction of the courts of this state as to all civil actions for dissolution of marriage or for legal separation and all obligations arising for maintenance of a spouse, support of any child of the marriage, attorney's fees, suit money, or disposition of marital property, if the other party to the lawful marriage continues to live in this state or if a third party has provided support to the spouse or to the children of the marriage and is a resident of this state.

3. Only causes of action arising from acts enumerated in this section may be asserted

**2. Service Outside the State of Persons, Firms or Corporations Who Do Certain Acts in This State**

(a) Service outside the state sufficient to authorize a general judgment in personam may be obtained upon any person, his executor, administrator or other legal representative, firm or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this Rule:

(1) Transacts any business within this state;

(2) Makes any contract within this state;

(3) Commits a tortious act within this state;

(4) Owns, uses or possesses any real estate situated in this state;

(5) Contracts to insure any person, property or risk located within this state at the time of contracting.

(b) Service sufficient to authorize a general judgment in personam may be obtained on any person, his executor, administrator or other legal representative, whether or not a citizen or resident of this state, who has lived in lawful marriage within this state, as to all civil actions for dissolution of marriage or for legal separation and all obligations arising for maintenance of a spouse, support of any child of the marriage, attorneys fees, suit money, or disposition of marital property, if the other party to the lawful marriage continues to live in this state.

(c) Only causes of action arising from acts or conduct enumerated in (a) or (b) of this Rule may be asserted against a defendant in an action in which jurisdiction is based upon this Rule.

(d) Service of process may be made as provided in Rule 54.14.

arose out of an activity covered by § 506.-500 and defendant had sufficient minimum contacts with Missouri to satisfy due process requirements. *Id.*

■ In enacting this statute the Missouri legislature intended to provide for jurisdiction of Missouri courts, within the specific categories enumerated, to the full extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution. *State ex rel. Metal Service Center v. Gaertner,* 677 S.W.2d 325, 327 (Mo. banc 1984). The "transaction of any business" under the statute must be construed broadly. *Id.* "The business may consist of a single transaction, if that is the transaction sued upon." *Id.*

Factors to be considered in determining if there was sufficient contacts for the courts to acquire personal jurisdiction are set forth in *Medicine Shoppe International, Inc. v. J–Pral Corp.,* 662 S.W.2d 263, 272 (Mo.App.1983):

> (1) the nature, quality and quantity of the contacts with Missouri; (2) the relationship of the cause of action to those contacts; (3) the interest of Missouri in providing a forum for its residents; and (4) the convenience and inconvenience to the parties.

Drovers Bank of Chicago (Drovers Bank) leased several trucks to Nielsen which the bank owned.[3] Nielsen had its headquarters in Chicago, but operated terminals in Springfield, Missouri and Pensacola, Florida. Nielsen leased the trucks operating from the Springfield terminal to the Zenith Corporation in Springfield, Missouri.

The lease between Drovers Bank and Nielsen apparently had no restrictions on the location of the trucks. It is not in evidence, but various provisions of the lease are referred to in the record. It required that repairs to the vehicles be made by Nielsen and apparently did not prohibit Nielsen from subleasing the vehicles.

■ Plaintiff performed repair work on some of the vehicles through an agreement with Nielsen. Plaintiff was not paid for the repairs to the vehicles on which it claims a lien. It asserted a garage man's lien on them under § 430.020, RSMo Supp. 1984 (since amended, see RSMo Supp.1990). Although plaintiff often refers to its lien claim as a "mechanic's lien", mechanic's liens pertain to real estate and not vehicles. See chapter 429, RSMo Supp.1986. The lien here claimed is best described as a "garage man's lien".[4]

Following the repairs plaintiff performed, Nielsen made an assignment for the benefit of creditors. The assignee was the defendant Obuchowski, an employee of defendant Chicago–Midwest Credit Service Corporation (Credit Service). Obuchowski testified that he was acting as assignee for the benefit of creditors in his individual capacity because a corporation was unable to serve. In acting as assignee he used the office facilities of Credit Service, their equipment and their stationery. He received a salary for his duties from Credit Service and it received the compensation paid to him as assignee. As a part of the process of liquidating Nielsen, Obuchowski, in his capacity as "assignee", sent a person who worked for him to Springfield. Obuchowski then arranged for the sale of the trucks to a company in Florida.

Although selling the trucks as a part of the liquidation of the assets of Nielsen might indicate that the lease between the bank and Nielsen was a financing instrument, the parties treat the transaction as being a "true lease" and not a security instrument. See § 400.9–102(2), RSMo 1978; *Chase Third Century Leasing v. Williams,* 782 S.W.2d 408, 412–413 (Mo. App.1989).

---

**3.** At the time of the lease the bank was apparently known as "The Main Bank of Chicago". It then became known as "Drovers Bank of Chicago" and thereafter "Cole Taylor Bank". It apparently was known as Drovers Bank of Chicago at the time suit was instituted.

**4.** Generally on such liens see *F.A. Lambert, Jr., The Liens Available To A Garage Man In Missouri, And Their Priorities,* 30 K.C.L.Rev. 1 (1962).

■ Considering the factors set forth in *Medicine Shoppe,* each of the defendants transacted business in Missouri and had sufficient contacts with Missouri to confer jurisdiction on Missouri courts. Drovers Bank, either through express provisions in the lease or acquiescence, allowed the trucks to be brought to and garaged in Missouri. This could have been anticipated due to the nature of Nielsen's business.

Nielsen was required to maintain and repair the trucks while in Missouri which resulted in this cause of action. The vehicles apparently were housed here for several months. A Missouri company performed work on these vehicles in Missouri. When Nielsen got into financial difficulty the trucks were sold and removed from Missouri to Florida.

■ Had the lease been a financing instrument there could be no doubt that this would have been part of the regular business of Drovers Bank, but even absent that, it is presumed that this was a part of the bank's business as it does not contend otherwise. The lease generated income for Drovers Bank by the vehicles operating out of Missouri.

It appears that it is part of the business of Credit Service to handle assignments for the benefit of creditors with an employee named as the assignee. Defendant Obuchowski sent a person working for him to Missouri, apparently to make arrangements for taking possession and selling the assets of Nielsen. Additionally, Obuchowski was to sell the vehicles on which plaintiff claims a lien. Thus, Credit Service and Obuchowski transacted business in Missouri and as a part of that, or at least related to that business, caused the vehicles to be removed.[5]

Much of the relevant evidence would necessarily be from plaintiff's employees presumably located in Missouri when the work was performed. It may be inconvenient for the defendants to participate in the litigation in Missouri. It would however, be more inconvenient for the plaintiff to go to Illinois where arranging for the testimony of the witnesses would be more difficult.

The portion of the judgment dismissing defendants Drovers Bank, Obuchowski and Credit Service is reversed and the cause remanded for further proceedings against them.

CROW and PARRISH, JJ., concur.

---

5. As earlier indicated, it is not clear in the record why the assignee would sell vehicles not owned by the assignor.