TSE SUPPLY COMPANY, Appellant,

v.

CUMBERLAND NATURAL GAS
COMPANY, Respondent.

No. 45496.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 1, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied March 17, 1983.

Application to Transfer Denied
April 26, 1983.

John T. Sluggett, III, Clayton, for appellant.

Greg Hoffmann, Clayton, for respondent.

CRIST, Judge.

This is a contract action for the payment of steel pipe ordered by telephone by a nonresident buyer. The trial court dismissed seller's petition by reason of the lack of jurisdiction under § 506.500, RSMo. 1978 (long-arm statute). We affirm.

Seller is a Fenton, Missouri corporation. Buyer is a Tennessee corporation. Buyer had done no business in Missouri prior to the transaction in question.

Seller filed its petition against buyer in St. Louis County, Missouri for payment of steel pipe. Buyer filed a motion to dismiss along with supporting affidavits. Seller also filed its affidavits. There was no other evidence.

The trial court had jurisdiction to determine the extent of its jurisdiction over buyer in this matter. *State ex rel. Peoples Bank v. Stussie*, 536 S.W.2d 934, 939 (Mo. App.1976). In making its determination regarding jurisdiction, the trial court properly received the affidavits of buyer and seller, and had the authority and jurisdiction to determine the veracity of the statements made in such affidavits. *Cloyd v. Cloyd*, 564 S.W.2d 337, 343 (Mo.App.1978). If the affidavit submitted by buyer in support of its Motion to Dismiss shows that buyer did not commit any act sufficient to invoke the jurisdictional provisions of § 506.500, RSMo. 1978, the trial court's ruling must be affirmed. *Flegel v. Holmes*, 614 S.W.2d 779, 780 (Mo.App.1981).

From the State of Tennessee, buyer ordered the steel pipe by a telephone call to Missouri. It was ordered for shipment and was to be used in laying a pipe line in the

State of Tennessee. In conjunction therewith, buyer arranged for a letter of credit to be sent from the North Park National Bank of Dallas, to seller in Missouri.

The question presented is whether seller has alleged sufficient facts to subject a Tennessee defendant to the personal jurisdiction of a Missouri Court. We believe the answer to be in the negative.

Both parties agree there were two "contacts" with Missouri. The first was an interstate phone order placed with Missouri seller by wholly owned subsidiary of defendant. The second was defendant's causing a letter of credit to be transmitted from a Texas bank to the seller in Missouri. The parties disagree, however, as to the effect of these contacts. The controversy focuses on whether these contacts were sufficient "minimum contacts" with this state for the Missouri courts to claim jurisdiction over defendant via its long-arm statute. Section 506.500, RSMo. 1978.

"Inquiry as to existence of long-arm jurisdiction is a two-part one: first whether the facts presented satisfy the statutory requirements, and, second, whether the exercise of personal jurisdiction is consistent with due process." *Mountaire Feeds, Inc. v. Agro Impex,* 677 F.2d 651, 653 (8th Cir. 1982).

Without deciding whether or not the aforementioned contacts with Missouri satisfy the long-arm statutory requirements, § 506.500, RSMo. 1978, as a matter of law, we hold that this use of interstate mail and telephone facilities was insufficient contacts with the forum to satisfy due process in the assertion of long-arm jurisdiction. *Mountaire Feeds, Inc.,* 677 F.2d at 655–656; *M & D Enterprises, Inc. v. Fournie,* 600 S.W.2d 64, 68 (Mo.App.1980).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.