**ELAINE K., Plaintiff/Appellant,**

v.

**AUGUSTA HOTEL ASSOCIATES LIMITED PARTNERSHIP, d/b/a Sheraton Augusta Hotel, Ethbert L. Poozer and Arthur H. Sandman, Defendants/Respondents.**

**No. 62673.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 30, 1993.

Robert Blitz, John E. Bardgett, St. Louis, for plaintiff/appellant.

Jerome Cramer Simon, St. Louis, for defendants/respondents.

CARL R. GAERTNER, Presiding Judge.

Plaintiff appeals from an order dismissing her case for lack of personal jurisdiction over the defendants.

Plaintiff, a travel consultant residing in St. Louis County, Missouri, was retained by Monsanto Chemical Company to plan sightseeing and group activities for Monsanto's guests attending the 1991 Masters Golf Tournament in Augusta, Georgia. Monsanto arranged for hotel accommodations in Augusta at the Sheraton Augusta Hotel. In prior years, Monsanto's staff had stayed at other hotels in Augusta, but they switched to the Sheraton Augusta in 1991 because they were dissatisfied with security at the other hotels. Monsanto received assurances that the Sheraton Augusta was safe and secure and that the hotel could meet its security needs.

Sheraton Augusta sent Monsanto a letter dated October 15, 1990, offering Monsanto a block of twelve rooms. The letter described the available rooms and their rates and included blanks for Monsanto to fill in the number of each type of room requested. The letter required Monsanto to reserve rooms for a minimum of seven days and return a signed copy of "this contract" by January 15, 1991 with the deposit. The letter was signed by the Sheraton Augusta's director of sales and marketing. An agent of Monsanto signed the letter in St.

Louis on December 20, 1990 and mailed it back to Augusta.

On April 8, 1991, plaintiff was in her room at the Sheraton Augusta Hotel when she was raped, assaulted, and robbed.

Plaintiff filed suit in the Circuit Court of the City of St. Louis naming as defendants Augusta Hotel Associates Limited Partnership d/b/a Sheraton Augusta Hotel, Ethbert Poozer, and Arthur H. Sandman. Poozer, a resident of South Carolina, and Sandman, a resident of North Carolina, are general partners of the Augusta Hotel Associates, Limited Partnership. Count I of plaintiff's petition alleges that defendants were negligent in failing to provide for plaintiff's security at the hotel. Count II alleges plaintiff was an intended third party beneficiary to the agreement between defendant hotel and Monsanto and that defendant hotel breached this by failing to provide adequate security for the hotel. Count III alleges defendants were negligent in controlling and managing the keys for plaintiff's room.

Personal service was effected upon defendant hotel in Georgia, defendant Poozer in South Carolina, and defendant Sandman in North Carolina. Defendants entered a limited appearance and moved to quash service of process or in the alternative dismiss the petition for lack of personal jurisdiction.

At the outset, we address defendants' motion to dismiss this appeal. Defendants argue we are without jurisdiction since a dismissal for lack of personal jurisdiction does not constitute a judgment on the merits which finally disposes of all issues and all parties. A dismissal for lack of personal jurisdiction is without prejudice and allows plaintiff to refile the action in the proper forum. Rule 67.03; § 510.150 RSMo.1986. In *Hagen v. Rapid American Corp.*, 791 S.W.2d 452, 455–56 (Mo.App. 1990), we noted apparent inconsistencies in various decisions regarding the applicability of this principle to dismissals for lack of personal jurisdiction under the Missouri Long–Arm Statute, § 506.500 RSMo.1986. Resolution of these inconsistencies was not necessary to the ultimate decision in *Ha-gen*. Since then the Missouri Supreme Court, without stating reasons or rationale, has simply proclaimed "the trial court's order (dismissing for lack of personal jurisdiction) was a final appealable order...." *Bennett v. Rapid American Corp.*, 816 S.W.2d 677, 678 (Mo. banc 1991). We are constrained to follow the last controlling decision of our Supreme Court. Defendants' motion to dismiss is denied.

█ When a non-resident defendant raises the issue of lack of personal jurisdiction, the burden is cast upon the plaintiff to prove, first, that the defendant had sufficient minimum contacts with Missouri to satisfy due process requirements and, second, that the suit arose out of an activity enumerated in the long-arm statute, § 506.-500, and Rule 54.06. *State ex rel. Ranni Assoc, Inc. v. Hartenbach*, 742 S.W.2d 134, 137 (Mo. banc 1987). Due process requires that in order to subject a defendant to an in personam judgment, he must have enough minimum contacts with the forum state that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Id.* Random, fortuitous, or attenuated contacts with the forum state cannot create jurisdiction. *Burger King v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985). Nor may jurisdiction be predicated upon the unilateral activity of those who claim some relationship with the non-resident defendant. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283, 1298 (1958). In judging minimum contacts, a court properly focuses upon the relationship among the defendant, the forum and the litigation. *Calder v. Jones*, 465 U.S. 783, 788, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804, 811 (1984). The basic due process test is whether the defendant has "purposefully availed itself of the privilege of conducting activities within the forum state." *State ex rel. Wichita Falls General Hosp. v. Adolf*, 728 S.W.2d 604, 607 (Mo.App.), *cert. denied*, 484 U.S. 927, 108 S.Ct. 292, 98 L.Ed.2d 252 (1987).

█ We are unable, on the facts before us, to find the requisite minimum contacts sufficient to satisfy due process require-

ments. Monsanto initiated the contact with defendant hotel when they sought accommodations for their guests attending the 1991 Masters Golf Tournament in Augusta, Georgia. Monsanto personnel then flew to Georgia to further discuss these accommodations with defendant hotel. Defendant hotel then mailed a letter to Monsanto in Missouri which contained the terms for renting rooms at the hotel. Additionally, defendant hotel made some phone calls to Monsanto in Missouri and mailed brochures to them in Missouri as well. There is no allegation that defendant has an agent in Missouri or conducted any business in Missouri beyond the above mailings and phone calls. In *T.S.E. Supply Co. v. Cumberland Natural Gas Co.*, 648 S.W.2d 169, 170 (Mo.App.1983), the court found insufficient contacts between a Tennessee defendant and the State of Missouri where defendant had placed a call from Tennessee to Missouri to order pipe from a Missouri company. Defendant also had its Texas bank send a letter of credit to the seller in Missouri. The court found as a matter of law that this use of the interstate mail and telephone facilities was insufficient to satisfy due process requirements. *Id.* More recently, in *Mead v. Conn*, 845 S.W.2d 109, 111 (Mo.App.1993), a Kansas doctor transmitted a patient's EKG over the phone to Missouri for analysis by a Missouri physician, who returned his evaluation to the Kansas doctor. The court found that these contacts were not sufficient in nature or quality to satisfy due process and thus subject the Kansas doctor to personal jurisdiction in Missouri. *Id.* at 112. The contacts in our case also involve use of the interstate mail and phone facilities and are of the same limited nature as the *Cumberland* and *Mead* cases. *See CPC–Rexcell, Inc. v. La Corona Foods, Inc.*, 912 F.2d 241 (8th Cir.1990) (non-resident defendant's telephone and telefax orders, plus payments to Missouri seller, were insufficient to satisfy due process requirements); *Institutional Marketing Assoc., Ltd. v. Golden State Strawberries, Inc.*, 747 F.2d 448 (8th Cir.1984) (defendant's phone conversations and written correspondence to Missouri corporations were insufficient to satisfy due process requirements); *Scullin Steel,*

*Co. v. National Ry. Utilization Corp.*, 676 F.2d 309 (8th Cir.1982) (plaintiff's performance under the contract within the forum state could not supply defendant's required minimum contacts and furthermore, use of interstate facilities such as the mail and telephone cannot supply the minimum contacts required by due process).

Plaintiff argues that the contract between Monsanto and the defendant hotel was made in Missouri and that under *State ex rel. Metal Service Center of Georgia, Inc. v. Gaertner*, 677 S.W.2d 325, 328 (Mo. banc 1984), "the bare making of a contract is a constitutionally sufficient incident." The quoted statement in *Metal Service Center* is pure dicta. That case involved a Georgia defendant which initiated the contact with a Missouri corporation, entered a contract in Georgia through which the defendant shipped goods into Missouri to be worked upon by the Missouri corporation in Missouri and shipped back to Georgia by the Georgia corporation. The court found sufficient minimum contacts to warrant the exercise of in personam jurisdiction over the Georgia corporation by the Missouri courts because the Georgia defendant solicited the relationship with the Missouri plaintiff to perform work wholly in Missouri upon raw materials shipped into Missouri and returned to Georgia by the defendant. Therefore, even though the contract was not entered into in Missouri, the defendant transacted business in this state. The present case is the converse of *Metal Service Center*. The Georgia defendant did not solicit Monsanto's business, did not enter into Missouri, or conduct any activity in Missouri. Regardless of where the contract was entered into, a disputed issue we need not and do not decide, the facts before us fail to demonstrate sufficient contacts with Missouri by the defendants to satisfy the traditional notions of fair play and substantial justice requirement of due process.

The judgment of the trial court is affirmed.

CRANE and CRAHAN, JJ., concur.