**Leslie Jaye (Nigro) LANEY, Movant–Respondent,**

v.

**Jeffrey Lynn NIGRO, Appellant.**

**No. 19810.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 14, 1995.

William R. Sachs, Sachs & Hansen, L.L.C., Waynesville, for appellant.

Ronald D. White, Williams, Robinson, Turley, White & Rigler, P.C., Rolla, for movant-respondent.

GARRISON, Presiding Judge.

Jeffrey Lynn Nigro (Appellant) appeals from the trial court's order granting a motion

to modify filed by his former wife, Leslie Jaye Laney (Respondent). The parties were divorced in Texas on August 2, 1982. In that decree Respondent was appointed "managing conservator" of their two children, Mark, born July 24, 1975, and Jennifer, born March 26, 1979, and Appellant was appointed "possessory conservator" with specific visitation privileges. Appellant was also ordered to pay child support of $80.00 per week until the youngest child reached 18 or was otherwise emancipated.

Respondent and the children continued to reside in Texas until March, 1991 when they moved to Missouri. Appellant, however, moved to Michigan in 1985 or 1986 and continued to reside there until December, 1992 when he returned to Texas.

On May 26, 1993, Respondent filed the instant motion to modify seeking to increase the child support in accordance with the Missouri guidelines; to establish specific visitation schedules; an order that Appellant pay arrearages in child support; an order that the duty to pay child support continue until each child has reached 22 years of age; and an order that Appellant pay Respondent's attorney fees and costs. After being personally served with process in Texas, Appellant filed a "Special Entry of Appearance and Motion To Dismiss," contending that he had not had sufficient contacts with this state to bestow personal jurisdiction over him in the action. After the trial court overruled that motion, Appellant failed to file responsive pleadings and did not appear when the motion to modify was heard. The trial court then entered its order modifying the decree by awarding joint legal custody of the children to the parties, with Respondent to have primary, physical custody; awarding Appellant specific visitation privileges; increasing the child support from $80 per week to $447.76 per month per child (a total of $895.52 per month); awarding Respondent child support arrearage of $12,069 to be paid at $206 per month (this consisted of an ar-

rearage of $734 under the Texas decree plus a judgment for the increased child support retroactive to the filing of the motion to modify); and awarding Respondent attorney fees of $3,518. This appeal followed.

Appellant raises five points of alleged error on this appeal, all of which are directed to those portions of the trial court's Modification Decree relating to the award of child support. We need not decide points I, III, IV or V because we have determined that the trial court lacked personal jurisdiction over Appellant to enter the monetary awards complained of.[1]

In his second point relied on, Appellant contests that portion of the Modification Decree concerning child support payments on the theory that the trial court lacked personal jurisdiction over him. He argues, as he did in his Special Entry of Appearance and Motion To Dismiss, that he had not purposefully availed himself of the privilege of conducting activities in this state which would constitute sufficient minimum contacts to satisfy the requirements of due process.

■■■ When the issue of personal jurisdiction over a non-resident party is raised, the burden is on the party seeking the relief to establish a prima facie case of jurisdiction. *Landoll By Landoll v. Dovell,* 779 S.W.2d 621, 625 (Mo.App.E.D.1989). In order for the Missouri courts to exercise personal jurisdiction over a non-resident, that party's acts must constitute sufficient minimum contacts with the state so that the exercise of jurisdiction satisfies due process requirements. *Medicine Shoppe Int'l, Inc. v. J-Pral Corp.,* 662 S.W.2d 263, 271 (Mo.App. E.D.1983). In determining the existence of sufficient minimum contacts, the following factors are to be considered: (1) the nature, quality, and quantity of the contacts with Missouri; (2) the relationship of the cause of action to those contacts; (3) the interest of Missouri in providing a forum for its residents; and (4) the convenience and inconve-

---

1. Appellant does not, on this appeal, raise any issues concerning the portions of the decree relating to visitation.

nience to the parties. *Id.* at 272. It is essential in each case that there be some act by which the defendant avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Institutional Food Marketing v. Golden State Strawberries,* 747 F.2d 448, 455–56 (8th Cir.1984). The requirement of sufficient minimum contacts with this state to satisfy due process applies in order for the trial court to exercise personal jurisdiction over a non-resident party in entering a judgment for child support in a modification action. *Elbert v. Elbert,* 833 S.W.2d 884, 887 (Mo.App.E.D.1992).

■ Although there is no set formula for determining the sufficiency of contacts to satisfy due process, the courts focus on the relationship among the defendant, the forum and the litigation. *Minuteman Press Int'l, Inc. v. Hoffman,* 826 S.W.2d 34, 36 (Mo.App. W.D.1992). It has been said that the defendant's contacts with the forum state must be purposeful and such that he should reasonably anticipate being haled into court here. *Id.* Random, fortuitous, or attenuated contacts with the forum state cannot create jurisdiction. *Elaine K. v. Augusta Hotel Assoc.,* 850 S.W.2d 376, 378 (Mo.App.E.D.1993).

■ In the instant case Respondent, in her motion to modify, alleged matters relating to jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), § 452.440–452.550, RSMo 1994. After Appellant filed his Special Entry of Appearance and Motion To Dismiss raising the issue of personal jurisdiction, Respondent filed her First Amended Motion To Modify alleging that Appellant had "visited with said children in the State of Missouri and, pursuant to visitation orders would have to initiate said visitation in the State of Missouri." The only evidence presented by Respondent concerning Appellant's contacts with Missouri consisted of her testimony that he was in Missouri over a weekend when their son graduated from high school. In his suggestions in support of his motion to dismiss, Appellant conceded that visit to this state and argued that he had no other contacts with Missouri other than infrequent collect phone calls from his children.

It has been held that one visit to Missouri and telephone calls with persons in Missouri are insufficient contacts to satisfy the due process requirements necessary for personal jurisdiction. *State ex rel. Barnes v. Gerhard,* 834 S.W.2d 902, 903–904 (Mo.App.E.D.1992). Accordingly, we hold that the record failed to show sufficient contacts by Appellant with Missouri to permit the trial court to exercise personal jurisdiction over him. We also note that the trial court made no specific finding relating to personal jurisdiction over Appellant in its decree, other than to find that "[t]his Court has ... personal jurisdiction over both parties."

■ Appellant concludes the argument portion of his second point by saying:

Without minimum contacts in Missouri a money judgment cannot be rendered against Father. Because the trial court lacked *in personum* [sic] jurisdiction over Father it erred in modifying Father's child support obligation. Assuming the trial court had subject matter jurisdiction, that portion of the trial court's order modifying Father's child support obligation should be reversed.

In the instant case, the trial court modified the child support award, entered a judgment for child support arrearage, and also entered a judgment for attorney fees. Pursuant to Rule 84.14, V.A.M.R., an appellate court shall dispose finally of a case unless justice otherwise requires and may give such judgment as the court ought to give. In the instant case, the absence of personal jurisdiction applied to the entry of the judgment for attorney fees just as it did to the awards for child support. A judgment entered against a party by a court lacking personal jurisdiction over that party is void. *Roberts v. Johnson,* 836 S.W.2d 522, 524 (Mo.App.S.D.1992).

For the above reasons, we reverse those portions of the decree modifying child support (including the judgment for child sup-

port arrearage [2]), as well as the judgment for attorney fees.

CROW and PARRISH, JJ., concur.

2. The Missouri order to pay the child support arrearage included $734 from the original Texas decree. The decision of this court does not affect

Appellant's duties with regard to child support under the original Texas decree.