UNITED STATES of America,
Plaintiff,

v.

Marjorie KLEARMAN,
et al., Defendants.

No. CIV. A. 97–4517.

United States District Court,
E.D. Pennsylvania.

Nov. 17, 1999.

Marilyn May, U.S. Attorney's Office, James G. Sheehan, U.S. Attorney's Office, Philadelphia, PA, for United States of America, Plaintiffs.

Jeffrey J. Valocchi, Valocchi & Fischer, Downingtown, Bradley J. Washburn, Bearden, Mattern, Breckenridge, Washburn, Gidlow and Kazanas, Peter C. Woods, Hoar and Woods, LLP, St. Louis, MO, Robert E. Welsh, Jr., Catherine M. Recker, Welsh & Recker, Phila, Charles A. Seigel, III, Seigel and Wolff, P.C., Hal Goldsmith, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, MO, Gary Tilles, Phila, Jeffrey J. Valocchi, Valocchi & Fischer, Downingtown, Bradley J. Washburn, Bearden, Mattern, Breckenridge, Washburn, Gidlow and Kazanas, St. Louis, MO, for Marjorie B. Klearman, Bradley C. Klearman, Andrew S. Klearman, Elise Klearman Sonn, Mitchell Sonn, Melissa Klearman Aspley, Robert C. Aspley, Joann Carroll, Michael Carroll, Albert Carroll, Merrill Klearman, Lancer Medical Inc., Midwest Continuing Care, Inc., Midwest Medical Supply, Defendants.

## MEMORANDUM

POLLAK, District Judge.

Defendants seek to transfer this action to the Eastern District of Missouri. In particular, defendants have moved for transfer pursuant to § 1404(a) which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action

to any other division where it might have been brought." The defendants include Lancer Medical, Inc. ["Lancer"], a Pennsylvania corporation, two Missouri corporations, and eleven individuals, each of whom resides in Missouri.

The United States brought this action in the Eastern District of Pennsylvania alleging that defendants had engaged in a scheme of false medical billing in violation of, inter alia, the False Claims Act, 31 U.S.C. § 3729 et seq., and the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq. Thereafter, defendants filed two separate motions to transfer venue. The first sought transfer pursuant to 28 U.S.C. § 3004(2)(b), a venue provision of the Federal Debt Collections Procedures Act. Defendants filed a separate motion to dismiss and/or for change of venue pursuant to 28 U.S.C. §§ 1404(a) and 1406. On March 9, 1999, I denied defendants motions with respect to §§ 3004(2)(b) and 1406. I stayed, however, defendants motion to transfer venue pursuant to § 1404(a) pending further submissions by the parties. Because defendants have now succeeded in showing that the convenience of parties and witnesses would be served by such a transfer, and that the proposed transfer is consistent with the interests of justice, and because the Eastern District of Missouri is a district in which the action "might have been brought," I will grant defendants' motion and transfer venue to the Eastern District of Missouri.

The government alleges that the defendants cooperated in a scheme to defraud the Medicare system. As described in the government's complaint, the scheme involved the billing of medical supplies in Pennsylvania for use in several states in the Midwest. Defendants incorporated Lancer in Pennsylvania in order to have access to the Pennsylvania Medicare reimbursement rates. Those rates were substantially higher than the rates applicable in Missouri, Illinois, Nebraska, and Kansas—the states in which the medical supplies were ultimately sold. The government thus contends that defendants billed the Medicare Trust Fund for supplies at rates substantially higher than those to which it was entitled for the sales at issue.

Defendants allegedly carried out their scheme in the following manner. The two Missouri corporations used their sales representatives to find appropriate patients in nursing homes in Missouri, Illinois, Kansas, and Nebraska. The Missouri corporations supplied these customers with the ordered items. The supplies were then charged by Lancer to Pennsylvania Blue Cross, which processed such claims in Pennsylvania—at the Pennsylvania reimbursement rates—having entered into a contractual arrangement with Health Care Financing Administration to provide such services. The HCFA is charged with the administration of the Medicare program.

All told, the defendants contend that there were thirty nursing homes with which the Missouri corporations did business, and thus which might be directly relevant to the scheme here alleged. Of these, seven are located within the Eastern District of Missouri, and three more are within the "St. Louis metropolitan area," although they are located in Illinois. The remaining nursing homes are all located in Illinois, Kansas, and Nebraska.

The residences of each of the eleven individual defendants are listed as being located in Missouri; the listed residences of nine of them are in the St. Louis area, and are thus within the Eastern District of Missouri. Further, two of the three corporate defendants have their principle place of business in the Saint Louis area. Thus, eleven of the fourteen defendants reside in the Eastern District of Missouri, and all but Lancer, which is incorporated in Pennsylvania, reside in Missouri.

The government has painted defendant Lancer as a shadow corporation. Lancer was incorporated, and had a mailing address, in Pennsylvania. The government contends, however, that Lancer did not actually occupy the office at that address. Additionally, all of its stock was owned by the individual defendants in this case. Fi-

nally, the government claims that the corporation did not have any employees.

## Discussion

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action any other division where it might have been brought." Transfers of venue pursuant to 28 U.S.C. § 1404(a) are discretionary. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970). Transfer of this action to the Middle District of Missouri is thus appropriate if (1) this action could have been originally brought in the Middle District of Missouri, and (2) such a transfer would serve the convenience of the parties and witnesses and the interests of justice.

There is little question that this action could have been brought originally in the Eastern District of Missouri. The only issue that suggests itself as presenting a potential problem in this regard is the ability of that court to obtain personal jurisdiction over Lancer. Of the defendants, only Lancer is listed as a non-resident of Missouri. If Lancer is subject to personal jurisdiction, however, then it, too, is a Missouri resident for purposes of venue under 28 U.S.C. § 1391(c): "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Thus, if Lancer is subject to personal jurisdiction in Missouri, then venue is appropriate there, given that an action can be brought in any "judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(b)(1). Of course, the ability of the Eastern District of Missouri to obtain personal jurisdiction over Lancer also has independent importance with respect to the interests of justice, insofar as Lancer is a central defendant in this case, as alleged by the government.

Rule 4(e) of the Federal Rules of Civil Procedure "authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district sits." *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1221 (3d Cir.1992). The Missouri legislature has adopted a so-called "long-arm statute" of personal jurisdiction, reflecting its intent "to provide jurisdiction within the specific categories enumerated in the statute, to the full extent permitted by the due process clause of the Fourteenth Amendment." *State ex rel Metal Serv. Ctr. of Georgia, Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo.1984) (en banc); *see also Gangwere v. Bischoff*, 935 S.W.2d 783, 784 (Mo.Ct.App.1996). Among those transactions covered are "[t]he transaction of any business within this state; [and] (2)[t]he making of any contract within this state...." Mo.Rev.Stat. § 506.500.1. Personal jurisdiction will therefore obtain in the present case in the Eastern District of Missouri if Lancer's business and contracting activities in Missouri were sufficient to satisfy federal equal protection requirements.

■ Lancer's business transactions in Missouri were clearly sufficient to constitute the requisite minimum contacts. Indeed, all (or nearly all) of the business conducted by Lancer was connected with the two Midwest corporations, both of which are located in Missouri. The government alleges that Lancer was created simply to bill the Medicare system on behalf of the corporations in Missouri, which took and filled all of the orders that constitute the subject matter of the present lawsuit. There is little doubt that Lancer could have "reasonably anticipate[d] being haled into court" in Missouri. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Further, there is nothing that would suggest that, notwithstanding the foreseeability of Lancer's being made a defendant in Missouri, such an exercise of jurisdiction would offend "traditional conception[s] of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 320,

66 S.Ct. 154, 90 L.Ed. 95 (1945)). Accordingly, the Eastern District of Missouri may exercise personal jurisdiction over Lancer. And, for the reasons noted above, it follows that the present case could have been brought in that district.

In order for transfer to be appropriate, defendants must further show that such a transfer would serve "the convenience of parties and witnesses" and be "in the interest of justice." 28 U.S.C. 1404(a). Courts should look to "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d, 873, 879 (3d Cir.1995) (quoting 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters, § 3847 (2nd ed.1986)).

The convenience of the parties and witnesses is a factor that overwhelmingly favors transfer. All of the defendants are residents of Missouri, as are many of the likely witnesses. Seven of the thirty relevant nursing homes are located within Missouri, and three more or within the St. Louis metropolitan area. The government, apparently acknowledging that many witnesses connected with these nursing homes will have relevant testimony, stresses the fact that this constitutes only a minority of the nursing homes at issue. This fact, however, does not weaken the case for transfer significantly, since there is no suggestion that witnesses from the other nursing homes—all of which are in the Midwest—would find it more convenient to travel to the Eastern District of Pennsylvania than to Missouri for trial. Similarly, the defendants have shown that many or most of the sales representatives involved reside in Missouri. The fact that at least one of them does not reside there does not imply that Pennsylvania would be more convenient as a forum. There is, therefore, a clear and substantial convenience benefit to many of the witnesses in the choice of the Missouri forum, with no discernible cost to most other witnesses.

And, for similar reasons, the ability to obtain documents from these sources will likely be improved by a transfer to the Eastern District of Missouri.

To be sure, there may well be witnesses and documents located in Pennsylvania that are relevant to the present case. The alleged scheme involves, after all, billing the Medicare system in Pennsylvania through Pennsylvania Blue Cross. The defendants have succeeded, however, in showing that whatever gains would be had along these lines in maintaining venue in the Eastern District of Pennsylvania will likely be far outweighed by the significant gains to be achieved by executing a transfer.

■ Ordinarily, of course, the plaintiff's choice of forum is granted significant weight. *See, e.g., Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, (3d Cir. 1991). Where a plaintiff is not a resident of the district in which she brings the case, however, her choice is granted less deference, insofar as the plaintiff's convenience interest is thereby diminished. *See Tranor v. Brown*, 913 F.Supp. 388, 391 (E.D.Pa.1996). In the present case, the plaintiff is the federal government, which is no more a resident of the Eastern District of Pennsylvania than it is of the Eastern District of Missouri. Thus, while its choice is properly granted significant weight, it is not a choice that deserves the same level of deference as does a choice by a plaintiff to bring an action in her home district. And, in light of the significant benefits to the convenience of the expected witnesses and other parties to be realized by transferring venue, the government's choice of forum is properly set aside in the present case.

The government points to no factors that weigh significantly against transfer. It recommends against transfer primarily on the grounds that defendants incorporated Lancer in Pennsylvania in order to get special legal treatment associated with Pennsylvania, and that they should not, therefore, be allowed to transfer the case to Missouri because of their convenience.

While this claim could clearly support personal jurisdiction in Pennsylvania, it is far from clear that it constitutes a significant consideration against transfer out of Pennsylvania. Even assuming, arguendo, that this consideration is a valid one, however, the outcome is not changed. It is not only the convenience of the parties, but, importantly, the convenience of the witnesses, along with the ability to bring in documentary and other evidence relevant to the case, that underlies the appropriateness of transfer in the present case. Thus, even ignoring entirely the convenience of the defendants as a factor, transfer is still be appropriate.

In sum, defendants have met their burden of showing that transfer to the Eastern District of Missouri is justified by "the convenience of parties and witnesses" and is "in the interest of justice," as required by 28 U.S.C. § 1404. An appropriate order follows.

### ORDER

For the reasons discussed in the accompanying memorandum, pursuant to 28 U.S.C. § 1404(a), the above-captioned case is hereby TRANSFERRED to the Eastern District of Missouri.