**CPC–REXCELL, INC., Appellant,**

v.

**LA CORONA FOODS, INC., Appellee.**

**No. 90–1131EM.**

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1990.

Decided Aug. 21, 1990.

242

Paula M. Young, St. Louis, Mo., for appellant.

William J. Travis, St. Louis, Mo., for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

CPC–Rexcell, Inc. appeals from a final order entered in the District Court[1] for the Eastern District of Missouri dismissing the action for lack of personal jurisdiction. For the reasons discussed below, we affirm the judgment of the district court.

## I. BACKGROUND

CPC–Rexcell, a plastic products manufacturing company, is incorporated in Delaware and has its principal place of business in Missouri. La Corona Foods, a yogurt products processor and distributor, is an Arizona corporation. CPC–Rexcell served La Corona with process pursuant to the Missouri long-arm statute, Mo.Rev.Stat. § 506.500(1) (1986), asserting that appellee was transacting business or forming contracts within the meaning of the statute. La Corona Foods responds that it committed no acts which satisfy this statute, nor does it have any contacts, ties, or other relations that would render personal jurisdiction constitutionally permissible in this action. The district court granted the defendant's motion to dismiss, 726 F.Supp. 754, and this appeal followed.

## II. DISCUSSION

CPC–Rexcell made yogurt containers for La Corona. The initial contacts for the agreement were made in Arizona and California. The defendant's contacts with the State of Missouri consisted of numerous telephone and telefax orders to plaintiff's St. Louis office to purchase $1.7 million worth of goods, and defendant's payment

---

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

by mail to a St. Louis lock box. There was also some evidence that a sample of rejected goods were sent to St. Louis, but all other nonconforming goods were shipped either to Arizona or California. La Corona had no authority to do business in Missouri, no office, agent, or real property in the state, and there were no personal visits there. All paper work was processed in St. Louis, but the products were actually shipped from North Carolina to Arizona and California warehouses. Any problems in the shipment or manufacture of the goods were managed by CPC–Rexcell personnel in Arizona or California.

■ Whether personal jurisdiction is proper requires a two-part inquiry. First, this court must examine whether personal jurisdiction under Missouri's long-arm statute exists. Second, it must be established that the exercise of personal jurisdiction is consistent with due process. *See Precision Construction Co. v. J.A. Slattery Co.*, 765 F.2d 114, 115 (8th Cir.1985).

■ The relevant statute states in part that:

any * * * corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such * * * corporation * * * to the jurisdiction of the courts of this state as to a cause of action arising from the doing of any such acts:

(1) The transaction of any business within this state; * * *

(2) The making of any contract within this state; * * *.

Mo.Rev.Stat. § 506.500 (1986).

This statute was considered by the Eighth Circuit Court of Appeals in *Scullin Steel v. National Railway Utilization Corp.*, 676 F.2d 309 (8th Cir.1982). In that case the court found no jurisdiction when the only contacts with the forum state were payments sent to St. Louis and an exchange of letters and telephone calls. The court held that these contacts were not "transactions" within the meaning of the statute nor did they satisfy traditional notions of fair play and substantial justice. *See id.* at 312–13.

At the time of *Scullin Steel*, no Missouri case directly addressed this issue. In 1984, however, the Missouri Supreme Court decided *State ex rel. Metal Service Center of Georgia, Inc. v. Gaertner*, 677 S.W.2d 325 (Mo.1984) (en banc). Without contradicting *Scullin Steel* the *Gaertner* court found that the statute should be broadly construed but within the bounds of the due process clause of the Fourteenth Amendment. *Id.* at 327.

Jurisdiction is proper where there is a substantial and continuing relationship purposefully made with a party in the forum state, *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985), so long as "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

Appellant argues that *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), with its expansive view of personal jurisdiction, overrules *Scullin Steel*, and that the contacts made by La Corona to Missouri created a substantial and continuing relationship sufficient to establish proper jurisdiction. *Burger King* requires that the minimum contacts of defendant be substantially connected with the forum. *Burger King*, 471 U.S. at 487, 105 S.Ct. at 2190. *Scullin Steel* is not at odds with that holding; it also looked to the relationship of the defendant and its proximity to the state. *Scullin Steel*, 676 F.2d at 313. The Eighth Circuit simply found that the number and nature of the contacts in Missouri did not constitute a substantial connection with the forum state in that case, and thus held that personal jurisdiction was not appropriate.

In the present case, the parties share a continuous and substantial relationship. However, the significant part of that relationship is not in Missouri. As the district court noted, the contract negotiations took place in Arizona and California, goods were manufactured and shipped from North Carolina, and any request regarding the product, other than the actual ordering, was

handled by personnel in Arizona or California. After considering the nature and extent of the contacts that did transpire in Missouri, this court agrees that defendant did not purposefully establish minimum contacts in Missouri such that it would expect to defend a suit there.

## III.  CONCLUSION

For the reasons stated herein, we hold that to let the long-arm statute of the forum state extend jurisdiction over defendants in this case would violate due process.  Accordingly, we affirm.